Argued and submitted December 17, 1980, affirmed May 26, 1981

In the Matter of the Compensation of
Nancy Hunt, Claimant,

**HUNT,**
*Petitioner,*

*v.*

**WHITTIER WOOD PRODUCTS,**
*Respondent.*

(WCB No. 78-9233, CA 18599)

628 P2d 759

Kenneth D. Peterson, Jr., Eugene, argued the cause for petitioner. On the brief were Evohl F. Malagon and Malagon, Velure & Yates, Eugene.

David O. Horne, Beaverton, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

■ Claimant appeals the order of the Workers' Compensation Board (Board) denying her permanent partial disability and requests that we reinstate the order of the referee which awarded her 20 percent permanent partial unscheduled disability. Respondent, Whittier Wood Products (Whittier), accepted the claim and did not deny that claimant's allergic reaction experienced while employed at Whittier was a worsening of her condition. Whittier contends that claimant was not permanently disabled, but that there was only a temporary worsening of her condition. The issue on appeal, therefore, is whether claimant suffered any permanent disability from her occupational disease. Loss of earning capacity is the test for determining the extent of permanent partial unscheduled disability. *Surratt v. Gunderson Bros.,* 259 Or 65, 76, 485 P2d 410 (1971).

Claimant was 38-years old at the time of the hearing and had obtained a GED. She has previously worked as a packer of trailer "batten," as a packer in a clothing manufacturer's warehouse and as an upholsterer.

In 1974, claimant began working for Whittier in an environment which exposed her to fumes and wood dust. Ten months later she left this employment after experiencing an inflammation of her right ear due, in large part, to inhalation of dust and fumes on her job, according to Dr. Hiatt, one of her treating physicians, an ear, nose and throat specialist. Claimant also suffered from an attack of chronic bronchitis, which Dr. Thomashefsky, another treating physician, concluded was job related and which improved upon her departure from Whittier. Both of claimant's conditions were diagnosed as "chronic." She was tested for an allergic sensitivity to wood shop dust. The test result was negative. Nearly all of the doctors who examined or treated claimant agreed that she should not return to the wood products industry.

At the time of the hearing, claimant described her remaining physical problems as follows:

"I feel like I have a headache all the time and under my eyes it just feels like pressure, and my ears hurt, I'd say, ninety percent of the time — the one. * * * The more pressure I have under my eyes, it seems like the harder it is for me to hear out of my right ear."

It was revealed at the hearing that claimant had not been truthful about her previous medical history. Contrary to her representations, she had experienced hearing and bronchial difficulties for many years prior to her employment by Whittier.

As to claimant's continuing disability, Dr. Hiatt stated in a report dated December 14, 1976:

> "He [sic] fluctuations in hearing have never been of such severity as to prevent employment in any area free of strong industrial fumes."

On July 19, 1977, Dr. Hiatt reported:

> "I do not feel that Mrs. Hunt is disabled as far as working or continuing in the rehabilitation program. * * * There is no evidence of disability because of these problems."

He felt that her "occasional nasal congestion * * * is due to vasomotor rhinitis not related to her job * * * ."

Dr. Tuhy, a specialist in treatment of diseases of the lungs, examined claimant and reported on October 3, 1978:

> "I agree with the Workmen's Compensation Department that she did not suffer any permanent partial disability as a result of wood dust exposure (except the medical advice that she stay out of the wood products industry, and seek other employment)."

On October 26, 1978, when asked by Whittier's insurance carrier whether any permanent impairment would result "from this injury," Dr. Hiatt answered, "no."

■ None of the doctors who treated or examined claimant expressed an opinion that she suffered permanent disability from the exacerbation of her ear and respiratory ailments while working at Whittier. The record discloses that in 1979 she took a job at another wood products mill and again had an exacerbation of her prior problems. We agree with the Board that claimant has failed to prove anything more than a temporary worsening of her chronic medical problems when exposed to particular irritants. She has not demonstrated a loss of earning capacity caused by the need to avoid that exposure and, therefore, is not entitled to an award for permanent partial disability.

Affirmed.